## Chicago & A. R. R. Co. v. John P. Gates.

1. RAILROADS—*Responsible for Negligence on Connecting Lines.*— A railroad company selling a ticket over its own and a connecting line, which connecting line is merely the means of reaching the real terminus of its road, and to which its train is transferred, must be held responsi-

ble for any negligence during the transfer, whether by the acts or omissions of its own immediate servants or those of the connecting line by which it causes its train to be so transferred. C. & A. R. R. Co. v. Dumpser, 60 Ill. App. 93.

2. NEGLIGENCE—*What is.*—It is negligence in a railroad company to raise and leave in that condition the iron flanges upon the platform of a car it is about to disconnect from its train, so that passengers in the car about to be detached, in passing therefrom, are liable to be tripped and thrown off the car.

**Trespass, etc.,** for personal injuries. Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

RINAKER & RINAKER, attorneys for appellant.

ANDERSON & BELL, attorneys for appellee.

PER CURIAM.

The principal and more important question in this case is whether the appellant company is responsible to the appellee for damages occasioned by the negligence of employes, whether of appellant or of the St. Louis Terminal Railway Association at the union depot in St. Louis. In the case of the appellant v. Dumpser, recently decided (*ante* 93), we held the appellant was responsible. In all essential particulars the case is the same here, so far as that point is involved, and it is unnecessary to restate the views there expressed. The point is urged with considerable vigor that the evidence fails to show negligence, but we are not impressed with the position so taken. It appears that for the purpose of disconnecting the car in which appellee was sitting the iron flanges on the car platform were raised and left in that position, and when it was announced that the car was about to be detached the appellee started to go forward and was tripped by these flanges, which he did not see, and was thus thrown off and received the injuries complained of. We are willing to agree with the jury that it was negligence, quite clearly, to leave such an obstruction in the passage way, no one being present to give notice of the danger.

The announcement had been made by some one, presumably some one connected with the train, that this car was to be detached, and then the flanges were left standing in such a position as to be dangerous to any one going to the next car forward. It is said there is no proof that this announcement was made by any one connected with the train, but the suggestion is not in accord with the usual course of things. However this may be, it was true, and the appellant very naturally wished to go to the forward car because he had left his wife and daughter there. That car being filled he had gone to the rear car to find a seat for himself.

His action in thus going back was proper, and as he had just passed over that platform in safety, and as it was at night, with only artificial lights, it is not a necessary conclusion that he was negligent in failing to see the obstruction.

Some complaint is made as to the ruling of the court in respect to instructions and special findings. We think appellant was not prejudiced thereby, and in the view we are disposed to take, it is unnecessary to discuss the objections thus raised in detail.

If appellant can properly be held to answer for negligence occurring at the union depot the judgment is right. It will be affirmed.